# EXHIBIT A

NYSCEF

Suffolk County Supreme Court

**Document List**

**Index #    601537/2025**

Created on:03/20/2025 09:52 PM

Case Caption:    **David Paterson v. Citibank, N.A. et al**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|------|--------------------------|--------|---------------|----------|
| 1 | SUMMONS + COMPLAINT *Corrected* | Processed | 01/17/2025 | Petroff, S. |
| 2 | EXHIBIT(S) - A<br>Notice of Dispute | Processed | 01/16/2025 | Petroff, S. |
| 3 | EXHIBIT(S) - B<br>Letter from Citibank | Processed | 01/16/2025 | Petroff, S. |
| 4 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Citibank, N.A. | Processed | 01/23/2025 | Amshen, S. |
| 5 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Trans Union LLC a/k/a TRANSUNION | Processed | 01/29/2025 | Petroff, S. - filed by PM LEGAL |
| 6 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING | Processed | 01/29/2025 | Petroff, S. - filed by PM LEGAL |
| 7 | NOTICE OF DISCONTINUANCE (PRE RJI)<br>TransUnion | Processed | 02/19/2025 | Petroff, S. |
| 8 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affidavit of Service - TransUnion | Processed | 02/19/2025 | Petroff, S. |
| 9 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Citibank, N.A. | Processed | 02/24/2025 | Amshen, S. |
| 10 | STIPULATION - TIME TO ANSWER | Processed | 03/11/2025 | Holgate, K. |
| 11 | ANSWER | Processed | 03/20/2025 | Holgate, K. |

Case 2:25-cv-01587-ST    Document 1-2    Filed 03/21/25    Page 3 of 38 PageID #: 9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

|  |  |
|---|---|
| David Paterson,<br><br>                      Plaintiff,<br><br>-against-<br><br>Citibank, N.A.; Trans Union LLC a/k/a TransUnion,<br><br>                      Defendants. | Index No.:<br><br><br>**SUMMONS** |

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer on the attorneys for the Plaintiff at the address listed below, within twenty (20) days after the service of this Summons (exclusive of the day of service), or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a defendant in this action, may appear within sixty (60) days of service hereof.

**YOU ARE HEREBY NOTIFIED THAT**, should you fail to answer, judgment will be entered against you by default for the relief demanded in the complaint.

**VENUE:** Plaintiff designates Suffolk County as the place of trial. The basis of this venue designation is the county in which Plaintiff resides.

Case 2:25-cv-01587-ST   Document 1-2   Filed 03/21/25   Page 4 of 38 PageID #: 10

Dated: Brooklyn, New York
January 17, 2025

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
David Paterson

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

To:     Citibank, N.A.
c/o New York State Department of Financial Services, Corporate Affairs Unit
One Commerce Plaza, 20th Floor
Albany, New York 12257

Trans Union LLC a/k/a TransUnion
c/o The Prentice-Hall Corporation System Inc.
80 State Street
Albany, New York 12207-2543

Case 2:25-cv-01587-ST    Document 1-2    Filed 03/21/25    Page 5 of 38 PageID #: 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

David Paterson,

Plaintiff,

-against-

Citibank, N.A.; Trans Union LLC a/k/a TransUnion,

Defendants.

Index No.:

**COMPLAINT**

Plaintiff David Paterson (the "Plaintiff"), by and through his attorneys, Petroff Amshen LLP, as and for his complaint against the defendants (collectively, the "Defendants"), hereby alleges the following upon personal knowledge, review of public record, and/or otherwise upon information and belief:

1. Plaintiff brings this action for damages arising under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022), and New York General Business Law ("GBL") codifying New York's Fair Credit Reporting Act (the "NYFCRA") (GBL § 374, *et seq.*), resulting from Defendants' willful and ongoing violations of consumer credit protection laws, including failure to investigate and correct inaccurate credit reporting duly disputed by Plaintiff.

2. Finding that "[t]he banking system is dependent upon fair and accurate credit reporting," and "[i]naccurate credit reports directly impair the efficiency of the banking system," Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit [...] in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information [...]" 15 U.S.C. § 1681.

Case 2:25-cv-01587-ST Document 1-2 Filed 03/21/25 Page 6 of 38 PageID #: 12

3.      Thus, because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumer," Congress determined that the protections of the FCRA were necessary "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See id.*

4.      Relying on these protections, Plaintiff notified the Defendants of specific errors in his credit report including inaccurate reporting that would beneficially impact his credit score upon correction.

5.      Despite Defendants' "grave responsibilities" to ensure the accuracy and proper utilization of Plaintiff's credit information, Defendants failed to properly investigate or correct these errors, causing Plaintiff to suffer additional and ongoing credit damage, adverse action, and other damages.

**PARTIES AND VENUE**

6.      Plaintiff is an individual resident of the State of New York, County of Suffolk, residing at 12 Woods Court, Huntington, New York 11743.

7.      Defendant Citibank, N.A. ("CITI") is a national banking association organized and existing under the laws of the United States of America, with its principal place of business at 5800 South Corporate Place, Sioux Falls, South Dakota 57108, and New York headquarters at 399 Park Avenue, New York, New York 10022.

8.      Defendant Trans Union LLC a/k/a TransUnion is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661, and registered agent for service in New York c/o The Prentice-Hall Corporation System, 80 State Street, Albany New York 12207-2543. The company

Case 2:25-cv-01587-ST    Document 1-2    Filed 03/21/25    Page 7 of 38 PageID #: 13

is also known as "TransUnion" and shall be referred to as such herein. TransUnion is one of the three national CRAs recognized by the Federal Trade Commission.

9. Venue in this county is proper pursuant to CPLR § 503(a), as a substantial part of the events giving rise to Plaintiff's claims occurred in this county, Plaintiff claims occurred in this county, and Plaintiff resides in this county.

## STATEMENT OF FACTS

10. On November 2024, Plaintiff decide to investigate his credit situation, and was surprised when he noticed the inaccurate reporting of a CITI account ("the CITI account") on his credit reports.

11. The account shown on his credit reports is one which he is not the owner of, but rather, an authorized user under the primary account holder, Jungah Paterson.

12. The account information is as follows:

- Creditor: CITI

- Account Number: 542418147548****

- Account Holder: Jungah Paterson

- Opened: October 18, 2022

13. Upon discovering the inaccurate report, Plaintiff contacted CITI and successfully requested the removal of his name as an authorized user. The Plaintiff's removal was processed.

14. Despite the Plaintiffs' removal as an authorized user, the account continues to report negative remarks, including collection and charge-off statuses. Furthermore, the Plaintiff was not involved in the use of the CITI account. The continued reporting of these negative remarks is erroneous and unjust.

15. On November 14, 2024, Plaintiff submitted a Notice of Dispute regarding the

Case 2:25-cv-01587-ST Document 1-2 Filed 03/21/25 Page 8 of 38 PageID #: 14

inaccurate reporting of the CITI account on his credit report. *See* **Exhibit A.**

16. Following the Plaintiff's formal dispute, TransUnion updated the account to reflect the account status as terminated. However, it failed to remove the historical collection and charge-off remarks from the Plaintiff's credit report, which continues to detrimentally affect his credit score.

17. A new credit report requested by the Plaintiff notable shows other major credit reporting agencies are not reporting this account on the Plaintiffs' credit reports. The Plaintiff contends that the inclusion of this account and its negative remarks on his TransUnion credit reports is inconsistent with the reporting practices of other CRAs, further highlighting the inaccuracy of the information provided by TransUnion.

18. CITI issued a letter acknowledging Plaintiff's removal as an authorized user, but explicitly stated that it would continue to supply the historical reporting of the account, including collection and charge-off remarks. This position is in direct conflict with Plaintiff's request for the removal of all negative information associated with the account, given that the Plaintiff was never responsible for the debt. *See* **Exhibit B.**

19. The Plaintiff asserts that the continued reporting of the collection and charge-off remarks is a violation of his rights, as the information is inaccurate, not attributable to the Plaintiff and his affecting his creditworthiness.

## VIOLATIONS OF THE FCRA
### (15 U.S.C. § 1681, *et seq.*)

20. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by the FCRA. *See* 15 U.S.C § 1681a(c).

22. CITI is a "furnisher" of information to consumer reporting agencies, with a duty to

Case 2:25-cv-01587-ST   Document 1-2   Filed 03/21/25   Page 9 of 38 PageID #: 15

fulfill the statutory responsibilities enumerated under 15 U.S.C § 1681s-2, including providing accurate information relating to consumers.

23. CITI is also a "person" as defined by the FCRA. *See* 15 U.S.C § 1681a(b).

24. Subpart E of Regulation V, the FCRA's implementing regulation, applies to furnishers of information including CITI. See 12 C.F.R 12 C.F.R. §§ 1022.1, 1022.40.

25. TransUnion is a "consumer reporting agency" as defined by the FCRA. *See* 15 U.S.C § 1681a(f).

26. TransUnion qualifies as a "consumer reporting agency that complies and maintains files on consumer on a nationwide basis," as defined by the FCRA. *See* 15 U.S.C §1681a(p).

### COUNT I
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681n)**
*As To CITI*

27. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

28. The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors" *See* 15 U.S.C. § 1681s-2(a)(1).

29. Specifically, [a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(A). "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

30. Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -- (i) the person has been notified by the consumer, at the address

Case 2:25-cv-01587-ST    Document 1-2    Filed 03/21/25    Page 10 of 38 PageID #: 16

specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(B).

40.    Upon receipt of notice of a dispute regarding the completeness or accuracy of information provided to a CRA under 15 U.S.C. § 1681i(a)(2), a furnisher of the disputed information must conduct a timely investigation and correct and discontinue any inaccurate reporting. *See* 15 U.S.C. § 1681s-2(b).

41.    Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and "review its policies and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." *See* 12 C.F.R. § 1022.42.

31.    Regulation V defines "accuracy" as:

[I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other relationship; and (3) [i]dentifies the appropriate consumer.

12 C.F.R. § 1022.41(a).

32.    CITI reported inaccurate account information regarding an account that did not belong to the Plaintiff to TransUnion, which was incorporated into Plaintiff's credit file and credit reports issued by TransUnion.

33.    The inaccurate information included contradictory account data and charge off remarks, despite the Plaintiff not being the owner of the account.

34.    Upon information and belief, CITI received notice of Plaintiff's Notice of Dispute regarding the accuracy of his account information as reported to TransUnion.

Case 2:25-cv-01587-ST Document 1-2 Filed 03/21/25 Page 11 of 38 PageID #: 17

35. CITI failed to review the information provided by Plaintiff for any additional information.

36. CITI's deliberate and ongoing furnishing of incomplete, inaccurate, and contradictory information regarding Plaintiff's Compromised Accounts has caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

37. As a result of CITI's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681n.

### COUNT II
### Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies
### (15 U.S.C. §§ 1681s-2, 1681o)
### *As To CITI*

38. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

39. After receiving notice of Plaintiff's dispute regarding the accuracy of his account information as reported by TransUnion, CITI thereafter negligently failed and refused to conduct any required investigation or to correct the disputed information and have continued inaccurately furnishing information to TransUnion regarding Plaintiff's Compromised Accounts, in violation of 15 U.S.C. § 1681s-2.

40. CITI "regularly in the ordinary course of business furnishes information to one or more consumer reporting agencies about [its] transactions or experiences with any consumer." *See* 15 U.S.C. § 1681s-2(a)(2).

41. CITI furnished inaccurate information regarding the CITI account to TransUnion,

Case 2:25-cv-01587-ST    Document 1-2    Filed 03/21/25    Page 12 of 38 PageID #: 18

which was incorporated into Plaintiff's credit file and credit reports. CITI know, or should have known, had they conducted the required investigation, that the information they furnished to TransUnion was inaccurate.

42.     As a compiler and furnisher of consumer information concerning the CITI account, CITI had a duty to ensure the accuracy of any such information furnished to TransUnion and prevent the furnishing of inaccurate information. *See* 15 U.S.C. § 1681s-2(a)(6).

43.     Upon information and belief, CITI have further negligently persisted in reporting inaccurate information to TransUnion without providing notice that Plaintiff has disputed such information, in violation of 15 U.S.C. § 1681s-2(3).

44.     Accordingly, TransUnion has continued producing credit reports for Plaintiff containing inaccurate and damaging credit information.

45.     CITI negligent and ongoing furnishing of improper, inaccurate information regarding the CITI account, has caused Plaintiff to suffer damage including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

46.     As a result of CITI's negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

Case 2:25-cv-01587-ST    Document 1-2    Filed 03/21/25    Page 13 of 38 PageID #: 19

## COUNT III
### Willful Failure to Assure Accuracy of Consumer Information in Credit Report
### (15 U.S.C. §§ 1681e(b), 1681n)
### *AS TO TRANSUNION*

47. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

48. "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" 15 U.S.C. § 1681e(b).

49. TransUnion received Plaintiff's Notice of Dispute demonstrating that Plaintiff's credit report contained inaccurate information.

50. Despite receipt of the foregoing, TransUnion deliberately failed and refused to undertake a reasonable investigation to ensure the accuracy of reported information concerning the CITI account.

51. Although the information Plaintiff provided was sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, TransUnion failed and refused to properly review it, and further failed and refused to contact Plaintiff or CITI for any additional information that would assist in a reasonable investigation.

52. Accordingly, TransUnion continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

53. TransUnion failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless, and willful.

54. As a result, of TransUnion willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C § 1681n.

### COUNT IV
### Negligent Failure to Assure Accuracy of Consumer Information in Credit Report
### (15 U.S.C. §§ 1681e(b), 1681o)
### AS TO TRANSUNION

55. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

56. Despite receipt of the evidence that Plaintiff's credit report contained inaccurate information, TransUnion failed to establish and follow reasonable procedures to promptly investigate and ensure the accuracy of reported information concerning the CITI account.

57. Accordingly, TransUnion continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

58. As a result of TransUnion negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

### COUNT V
### Willful Failure to Assure Accuracy of Consumer Information in Credit File
### (15 U.S.C. §§ 1681i, 1681n)
### AS TO TRANSUNION

59. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

60. "[I] f the completeness or accuracy of any item of information contained in a

consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency [...] of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file [...]" 15 U.S.C. § 1681i(a)(1)(A).

61. The investigation must be completed withing (3) days of TransUnion receipt of the Notice of Dispute. *See id.*

62. TransUnion must also provide notice of dispute to any furnisher of the disputed information, within five (5) business days of receipt.

63. "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

64. Within five (5) business days of completing a reinvestigation, TransUnion must provide the consumer with written notice of the results and additional statutory notices.

65. Upon receipt of Plaintiff's Notice of Dispute, TransUnion deliberately failed and refused to undertake the required investigation of the CITI account.

66. Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, TransUnion failed and refused to properly review it, and further failed and refused to contact Plaintiff for any additional information that would assist in a reasonable investigation.

67. Upon information and belief, TransUnion also failed to provide Plaintiff with written notice of the results of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

Case 2:25-cv-01587-ST Document 1-2 Filed 03/21/25 Page 16 of 38 PageID #: 22

68.     TransUnion further failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, causing Plaintiff to suffer damages, including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit recovery, and other actual damages.

69.     TransUnion's failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files was malicious, intentional, reckless, and willful.

70.     As a result of TransUnion's willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to actual, statutory, and punitive damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C § 1681n.

## COUNT VI
**Negligent Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681o)**
*AS TO TRANSUNION*

71.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

72.     Upon receipt of Plaintiff's Notice of Dispute, TransUnion had a duty to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning the CITI account.

73.     TransUnion failed to provide notice of Plaintiff's disputes to CITI as the furnisher of the disputed information, as required under 15 U.S.C § 1681i(a)(2).

74.     TransUnion failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused to contact Plaintiff, or the furnishers of the disputed information, for any additional information that would assist in a reasonable investigation.

75.     TransUnion failed to correct inaccurate and damaging credit information contained

Case 2:25-cv-01587-ST Document 1-2 Filed 03/21/25 Page 17 of 38 PageID #: 23

in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

76. This caused Plaintiff to suffer damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

77. As a result of TransUnion negligent conduct in violation of the FCRA, Plaintiff is entitled to actual and statutory damages, and recovery of attorneys' fees and costs incurred in connection with this action, pursuant to 15 U.S.C. § 1681o.

## **VIOLATIONS OF N.Y. GENERAL BUSINESS LAW**

78. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

79. Section 374 through 382-b of Article 25 of the New York General Business Law codify New York's Fair Credit Reporting Act.

80. Plaintiff is a "consumer" within the meaning of the NYFCRA. *See* GBL § 380-a(b).

81. CITI is a "person" withing the meaning of the NYFCRA. *See* GBL § 380-a(a).

82. TransUnion is a "consumer reporting agency" withing the meaning of the NYFCRA. *See* GBL § 380-a(e).

### **COUNT VII**
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(N.Y. Gen. Bus. Law § 380-o)**
*AS TO TRANSUNION*

83. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

84. The NYFCRA prohibits the knowing and willful introduction or attempt to

introduce false information into a consumer reporting agency's file. *See* GBL § 380-o(2). Persons who violate Section 380-o are subject to fines of up to $5,000.00, imprisonment, or both. *See id.*

85.     As a result of CITI's knowing and willful introduction of false information regarding the CITI account into the files of the consumer credit bureaus, Plaintiff has suffered damages including loss and reduction of credit, damage to his credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

86.     As a result of CITI's foregoing conduct in violation of the NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (iii) punitive damages; and (iv) attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

## COUNT VIII
### Failure to Investigate and Resolve Consumer Dispute
### (N.Y. Gen. Bus. Law §§ 380-f, 380-m)
### *As To TransUnion*

87.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

88.     Pursuant to GBL § 380-f(a):

*If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section.*

Case 2:25-cv-01587-ST Document 1-2 Filed 03/21/25 Page 19 of 38 PageID #: 25

89. If, after conducting the re-investigation, TransUnion can no longer verify an item, or confirms an error, TransUnion must among other things, (i) "promptly expunge the item and otherwise correct the file"; (ii) "refrain from reporting the item in subsequent consumer reports"; and (iii) "clearly and conspicuously disclose to the consumer his rights to make a request for notification." *See* GBL § 380-f(b).

90. Further "if any item disputed and reinvestigated is found to be in error or can no longer be verified, upon completion of the reinvestigation of all items disputed, TransUnion shall promptly mail the consumer a corrected written copy of the file, reflecting any changes, with an explanation of any code used, at no charge to the consumer." GBL § 380-f(d).

91. Upon receipt of Plaintiff's Notice of Dispute, TransUnion was obligated to investigate Plaintiff's claims, notify Plaintiff of the results of the investigation, and fulfill any additional requirements of GBL § 380-f.

92. TransUnion failed to undertake any investigation of Plaintiff's dispute, or to review any information provided in connection with the dispute and likewise failed to revise or correct the inaccurate information in Plaintiff's credit file.

93. Upon information and belief, TransUnion further failed to notify Plaintiff of the results of their investigation, considering no such investigation ever took place.

94. As a result, Plaintiff has suffered damages including loss and reduction of credit, increased debt, and higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery, and other actual damages.

95. Accordingly, Plaintiff is entitled to recover actual damages, together with reasonable attorneys' fees and costs pursuant to GBL § 380-m.

Case 2:25-cv-01587-ST Document 1-2 Filed 03/21/25 Page 20 of 38 PageID #: 26

96. TransUnion is further liable to Plaintiff pursuant to GBL § 380-l, for actual damages, punitive damages, and attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

**WHEREFORE,** Plaintiff respectfully demands judgement awarding all actual, statutory, and/or punitive damages and other relief available pursuant to applicable law.

Dated: Brooklyn, New York
      January 17, 2025

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
David Paterson

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

Case 2:25-cv-01587-ST   Document 1-2   Filed 03/21/25   Page 21 of 38 PageID #: 27

# EXHIBIT A

Case 2:25-cv-01587-ST    Document 1-2    Filed 03/21/25    Page 22 of 38 PageID #: 28

**Certified Mail Tracking Information**

**Name: David Paterson**
**Date sent: 11/14/24**

**EQ**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765483851328

**EX**:  https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765483851380

**TU**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765483851069

Case 2:25-cv-01587-ST   Document 1-2   Filed 03/21/25   Page 23 of 38 PageID #: 29

## Dispute Letter

**David Paterson**
12 Woods Ct
Huntington, New York 11743
Date of Birth: 08/29/█████
SS#: 1991

TransUnion LLC Consumer Dispute Center
PO Box 2000
Chester, PA 19016

11/14/2024

Dispute letter to Remove Inaccurate information

To whom it may concern. I would like to dispute the following accounts for falsly presenting data on my credit report, which is hurtful to my credit.

Accounts to Dispute:

1. This is not my account - just an authorized user
   CITI
   Account Number: 542418147584****
   This account is an Authorized User account and the primary account holder is Jungah Paterson and I called and was able to remove myself from the account. This authorized user account is not mine and is reporting inaccurately on my credit report. I am not personally responsible for the account and want to be removed as an authorized user and want the account off my credit report immediately. The account is damaging my credit and I have no ownership or responsibility for the debt.

Please investigate the issues presented above, and make the necessary changes to my credit report.

Enclosed are copies of my driver's license, social security card and bill in order to confirm my identity in my credit report. Also I have provided my address, date of birth and last four digits of my social security number above.

Thank you for your time and help in this matter.

Sincerely,

David Paterson

Case 2:25-cv-01587-ST   Document 1-2   Filed 03/21/25   Page 24 of 38 PageID #: 30
INDEX NO. 601537/2025
RECEIVED NYSCEF: 01/16/2025

# EXHIBIT B

FILED: SUFFOLK COUNTY CLERK 01/16/2025 05:09 PM
INDEX NO. 601537/2025
NYSCEF DOC. NO. 3
RECEIVED NYSCEF: 01/16/2025



**citi** ® **Citibank, N.A.**
P.O. Box 6241
Sioux Falls, SD 57117-6241

DAVID PATERSON
12 WOODS CT
HUNTINGTON, NY 11743

December 09, 2024
Card No:  ⬛⬛⬛7584

DEAR DAVID PATERSON:

We received a request to remove your name from the account number referenced above. Our records indicate your name is no longer on the account.

We'll notify the consumer reporting agencies that you have been removed from the account. We'll continue to supply the historical reporting, but we will not provide any new reporting related to this account after the date of your removal. Please allow 30 days for the consumer reporting agencies to update their files.

If you find any inaccuracies in the reporting after that, please send us a complete copy of the report, along with a letter explaining the information in question.

For questions regarding the removal of an Authorized User, please contact us at the Customer Service number located on the back of your card.

Sincerely,

Credit Management Department                    CBR0023

FEDERAL REGULATIONS REQUIRE THE STATEMENT PRINTED ON THE REVERSE SIDE.

3020225 (10/23)

Case 2:25-cv-01587-ST   Document 1-2   Filed 03/21/25   Page 26 of 38 PageID #: 32

Form 10CERT - AFFIDAVIT OF MAILING ONLY



P23272121

**PETROFF AMSHEN, LLP Carl Vetrogon**
SUPREME COURT SUFFOLK COUNTY STATE OF NEW YORK

| DAVID PATERSON | | Index No. **601537/2025** |
| | PLAINTIFF | Date Filed |
| - vs - | | Office No. |
| CITIBANK, N.A.; TRANS UNION LLC A/K/A TRANSUNION | | Court Date. |
| | DEFENDANT | |

STATE OF NEW YORK, COUNTY OF NEW YORK     :SS:

**DOUGLAS PHILIP** being duly affirmed, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York.
That on **17th day of January, 2025** at a post office or official depository under the exclusive care and custody of the United States Postal Service, Deponent mailed the copy of

**EXHIBIT "A", SUMMONS AND COMPLAINT**

**to CITIBANK, N.A.**
**the DEFENDANT at**
**C/O NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES, CORPORATE AFFAIRS UNIT**
**ONE COMMERCE PLAZA, 20TH FLOOR**
**ALBANY NY 12257**

Copy mailed by Certified Mail  **(95890071052702406195769)** marked PERSONAL & CONFIDENTIAL not indicating on the outside thereof, by return address or otherwise that said notice is from an attorney or concerns an action against the person to be served.

**COMMENTS:**

Affirmed before me this
22ND day of JANUARY, 2025

SELENA INES ADAMES
Notary Public, State of New York
No. 01AD6365042
Qualified in QUEENS COUNTY
Commission Expires 09/25/2025

DOUGLAS PHILIP 2121937-DCWP
Lexitas - DCWP #2098109
1235 BROADWAY 2ND FLOOR
NEW YORK, NY 10001
Reference No: 3-PLFPC-23272121

e

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

JAN 17 2025

Postage
$

$
Total

CITIBANK, N.A.
C/O NEW YORK STATE DEPARTMENT OF
FINANCIAL SERVICES, CORPORATE AFFAIRS
UNIT,ONE COMMERCE PLAZA, 20TH FLOOR
ALBANY, NY 12257

PS Form 3800, January 2023 PSN 7530-02-000-9047   See Reverse for Instructions

Case 2:25-cv-01587-ST    Document 1-2    Filed 03/21/25    Page 27 of 38 PageID #: 33

NYSC Attorney(s) : Petroff Amshen, LLP
Index # : 601537/2025
PURCHASED/FILED :
STATE OF : New York
COURT : Supreme
COUNTY/DISTRICT : Suffolk

# AFFIDAVIT OF SERVICE

|||||||||||||||||||||||||||||||
P23272170

DAVID PATERSON

Plaintiff(s)/Petitioner(s)

vs

CITIBANK, N.A.; TRANS UNION LLC A/K/A TRANSUNION

Defendant(s)/Respondent(s)

STATE OF <u>NEW YORK</u>          COUNTY OF <u>ALBANY</u>

<u>KYLE WARNER</u>, being duly sworn deposes and says deponent is not a party herein, is over the age of eighteen years and resides in the State of New York. That on    **JANUARY 21, 2025**    at    **2:56PM**    at    c/o CSC 80 STATE STREET, ALBANY, NY 12207    deponent did serve the following :
(Address where service was accomplished.)

## SUMMONS & COMPLAINT EXHIBIT "A"

on:                          TRANS UNION LLC A/K/A TRANSUNION
                                                                                                                    ,
____Defendant____          (herein called recipient) therein named.          , SS.:

INDIVIDUAL [ ]    By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

CORP. [x]    A corporation, by delivering thereat a true copy of each to **LEGAL REPRESENTATIVE OF CSC** personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be **AUTHORIZED AGENT** thereof.

Service was made in the following manner after your deponent was unable, with due diligence, to serve the defendant in person, including an effort to reach the defendant by telephone, (if such telephone number was available) and an attempt to locate the defendant's place of employment.

**Previous attempts at personal service are as follows:**

on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

SUITABLE PERSON [ ]    By delivering a true copy of each to _____ a person of suitable age and discretion who agreed to accept on behalf of the party..
Said premises is recipient's:    [ ] dwelling house (usual place of abode). [ ] actual place of business

AFFIXING TO DOOR [ ]    By affixing a true copy of each to the door of said premises, which is recipient's
[ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

MAILING COPY [ ]    On _____ deponent completed service under the last two sections by depositing a copy of the above listed documents to the above address in a postpaid properly addressed plain envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

DESCRIPTION [x]    A description of the person served is as follows:
(use with #1, 2 or 3)    Gender **FEMALE**    Race ___**BLACK**___ Hair **BROWN** Approx.Age **36 - 50 YRS.** Approx.Height **5' 9" - 6' 0"**
Approx. weight **161 - 200 LBS** Other _____

WIT. FEES [ ]    $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

NON MIL [x]    To the best of my knowledge and belief, said person was not presently in military service of the United States Government or on active duty in the military service in the State of New York at the time of service.

Sworn to before me on this
21st day of January, 2025

**NOTARY PUBLIC**
ROBERT GUYETTE
Notary Public State of New York
01GU6382699 RENSSELAER COUNTY
Commission Expires OCTOBER 29, 2026

KYLE WARNER
**Invoice·Work Order #** 2502802
Attorney File #    23272170

1 of 1

Case 2:25-cv-01587-ST   Document 1-2   Filed 03/21/25   Page 28 of 38 PageID #: 34

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF _____

## STATEMENT OF AUTHORIZATION FOR
## ELECTRONIC FILING
### (Managing Attorney Authorizing Filing Agent Entity)

I, Serge F. Petroff_____, Esq., ( Attorney Registration No. 46126) am the managing attorney of/attorney in charge of e-filing for Petroff Amshen, LLP _____ (the "Firm"). I hereby acknowledge and represent that the attorneys in the Firm who are authorized users of the New York State Electronic Filing System ("NYSCEF") hereby authorize any employee of PM LEGAL_____ who possesses a NYSCEF filing agent ID to file documents on their behalf and at their direction, as a filing agent, in any e-filed matter in which they are counsel of record through NYSCEF, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which these attorneys have previously consented to e-filing or may hereafter consent, to any mandatory matter in which they have recorded their representation, and to any matter in which they authorize the filing agent to record consent or representation in the NYSCEF system.

This authorization extends to any and all documents these attorneys generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which these attorneys are counsel of record, shall be deemed to accompany any document in that matter filed by the filing agent on behalf of these attorneys.

This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account the Firm maintains with the County Clerk of any authorized e-filing county.

This authorization regarding this filing agent shall continue until the Firm revokes the authorization in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: 10/24/19_____



| | |
|---|---|
| Signature | Brooklyn, NY 11235 |
| | City, State and Zip Code |
| Serge F. Petroff | 718-336-4200 |
| Print Name | Phone |
| Legal | spetroff@lawpetroff.com |
| Firm/Department | E-Mail Address |
| 1795 Coney Island Avenue | |
| Street Address | |

Case 2:25-cv-01587-ST    Document 1-2    Filed 03/21/25    Page 29 of 38 PageID #: 35

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

David Paterson,

                     Plaintiff,

-against-

Citibank, N.A.; Trans Union LLC a/k/a TransUnion,

                     Defendants.

Index No.: 601537/2025

**NOTICE OF DISCONTINUANCE**

Please be advised that Plaintiff David Paterson has voluntarily elected to discontinue the complaint, with prejudice, as to and against Defendant Trans Union LLC a/k/a TransUnion, pursuant to CPLR § 3217(a)(1). Plaintiff has served this notice upon Trans Union LLC a/k/a TransUnion. No responsive pleadings have been served upon Plaintiff by Trans Union LLC a/k/a TransUnion in this action. Proof of service upon TransUnion is being filed herewith in the Office of the Clerk of the County of Suffolk.

Dated: Brooklyn, New York
       February 19, 2025

                     **PETROFF AMSHEN LLP**
                     *Attorneys for Plaintiff,*
                     David Paterson

                     */s/ Serge F. Petroff*
                     Serge F. Petroff, Esq.
                     1795 Coney Island Avenue, Third Floor
                     Brooklyn, New York 11230
                     Telephone: (718) 336-4200
                     Email: spetroff@petroffamshen.com

Case 2:25-cv-01587-ST    Document 1-2    Filed 03/21/25    Page 30 of 38 PageID #: 36

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

David Paterson,

                Plaintiff,

-against-

Citibank, N.A.; Trans Union LLC a/k/a TransUnion,

                Defendants.

Index No.: 601537/2025

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK
COUNTY OF KINGS

Carl Vetrogon, being duly sworn, says:

I am not a party to the action; I reside in Brooklyn, NY, and I am over 18 years of age.

On February 19, 2025, I served the within Notification of Case Number by depositing a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of United States Postal Service within New York State, addressed to the following at the last known address set forth below:

TransUnion
*Attorneys for Defendant Trans Union LLC a/k/a TransUnion*
555 W. Adams Street
Chicago, IL 60661
Attn: Charlotte A. Long, Esq.
Senior Counsel, Legal

_____
Carl Vetrogon

Sworn to before me
this 19th day of February 2025

_____
Notary Public

STEVEN AMSHEN
Notary Public, State of New York
Registration No. 02AM6283673
Qualified in Richmond County
Commission Expires June 3, 2025

1 of 1

Form 27 - AFFIDAVIT OF SERVICE



P23444688

**PETROFF AMSHEN, LLP** Carl Vetrogon
SUPREME COURT SUFFOLK COUNTY STATE OF NEW YORK

| | |
|---|---|
| DAVID PATERSON | Index No. **601537/2025** |
| PLAINTIFF | Date Filed |
| - vs - | Office No. |
| CITIBANK, N.A.; TRANS UNION LLC A/K/A TRANSUNION | Court Date. |
| DEFENDANT | |

STATE OF **NEW YORK,** COUNTY OF **NEW YORK** :SS:

**RONALD KRAMER** being duly sworn, deposes and says; I am over 18 years of age, not a party to this action, and reside in the State of New York. That on the **20TH** day of **FEBRUARY, 2025 2:21PM** at
**388 GREENWICH STREET**
**NEW YORK NY 10013**
I served a true copy of the **EXHIBIT "A", SUMMONS AND COMPLAINT** upon **CITIBANK, N.A.** the **DEFENDANT** therein named by delivering to, and leaving personally with **Jordani Sanchez, OFFICE OF GENERAL COUNSEL,** who provided verbal confirmation that he or she is authorized to accept by appointment or law to receive service on behalf of the **DEFENDANT.**

Deponent describes the person served as aforesaid to the best of deponent's ability at the time and circumstances of the service as follows:

SEX: **MALE** COLOR: **HISPANIC OR LATINO** HAIR: **BLACK**

APP.AGE: **35** APP. HT: **5ft7in** APP. WT: **165**

OTHER IDENTIFYING FEATURES

**COMMENTS:**

Sworn to before me this
24TH day of FEBRUARY, 2025

SELENA INES ADAMES
Notary Public, State of New York
No. 01AD6365042
Qualified in QUEENS COUNTY
Commission Expires 09/25/2025

RONALD KRAMER DCA LIC#1335711
Lexitas - DCWP #2098109 #2098109-DCA
1235 BROADWAY 2ND FLOOR
NEW YORK, NY 10001
Reference No: 3-PLFPC-23444688

Case 2:25-cv-01587-ST   Document 1-2   Filed 03/21/25   Page 32 of 38 PageID #: 38

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

------------------------------------------------------- X
                                                        :
DAVID PATERSON,                                         :
                                                        :    Index No. 601537/2025
            Plaintiff,                                  :
                                                        :
      -against-                                         :
                                                        :
CITIBANK, N.A.; TRANS UNION LLC                         :    **STIPULATION EXTENDING TIME**
A/K/A TRANSUNION (Dismissed)                            :    **TO ANSWER**
                                                        :
            Defendants.                                 :
                                                        :
                                                        X
------------------------------------------------------

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for Plaintiff David Paterson ("Plaintiff") and Defendant Citibank, N.A. ("Citibank"), that the time for Citibank to answer, move or otherwise respond to the Complaint in this action is extended up to and including March 28, 2025.

**IT IS FURTHER STIPULATED AND AGREED** that electronic and facsimile signatures shall be deemed the equivalent of original signatures for the purposes of this Stipulation, and that this Stipulation may be executed in counterparts, all of which shall constitute one and the same instrument.

| Dated: March 11 ,2025 | |
|---|---|
| PETROFF AMSHEN LLP | MORGAN, LEWIS & BOCKIUS LLP |
| By: _____ | By: _____ |
| Serge F. Petroff, Esq. | Brian Frontino |
| 1795 Coney Island Avenue, Third Floor | Keisha Sapphire Holgate |
| Brooklyn, New York 11230 | 101 Park Avenue |
| Telephone: (718) 336-4200 | New York, NY 10178-0060 |
| Email: spetroff@petroffamshen.com | +1.212.309.6000 |
| *Attorney for Plaintiff* | Keisha.holgate@morganlewis.com |
| | *Attorneys for Defendant Citibank, N.A.* |

DB1/ 155667723.1

1 of 1

Case 2:25-cv-01587-ST    Document 1-2    Filed 03/21/25    Page 33 of 38 PageID #: 39

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

DAVID PATERSON,

        Plaintiff,

    -against-

CITIBANK, N.A.,

        Defendant.

Index No. 601537/2025

**ANSWER TO COMPLAINT BY**
**DEFENDANT CITIBANK, N.A.**

Defendant Citibank, N.A. ("Citibank"), by its attorneys, Morgan, Lewis, Bockius LLP, hereby submits its Answer and Affirmative Defenses to the Complaint ("Complaint"), filed by Plaintiff David Paterson ("Plaintiff"):

**GENERAL DENIAL**

In response to the Complaint, Citibank denies generally in the conjunctive and disjunctive, each and every cause of action and allegation contained within the Complaint, and the Complaint as a whole, and further denies that the relief requested by Plaintiff is appropriate and/or that Plaintiff sustained damages, or that Citibank's conduct was objectionable or unreasonable, or that Citibank acted wrongfully in any way. Citibank further denies that, by reason of any act, fault, carelessness or omission on its part, Plaintiff has been injured, damaged or harmed in any way or in any amount whatsoever, or at all, by reason of any acts or omissions of Citibank.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise lies with Plaintiff, CitiBank alleges the following affirmative defenses:

DB1/ 155639745.1

Case 2:25-cv-01587-ST    Document 1-2    Filed 03/21/25    Page 34 of 38 PageID #: 40

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

Plaintiff's claims may be subject to binding arbitration pursuant to a valid and binding arbitration agreement and CitiBank specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to set forth facts sufficient to state a claim against CitiBank.

## THIRD AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiff ratified the conduct alleged in the Complaint and therefore is barred from recovery against CitiBank.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each purported cause of action asserted therein, is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute a waiver of any right or rights Plaintiff may or might have with respect to the matters alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each purported cause of action asserted therein, is barred by the conduct, actions and inactions of Plaintiff, which amount to and constitute estoppel of the causes of action and any relief sought thereby.

2

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff unreasonably has delayed taking action in connection with the alleged claims, causing substantial prejudice to CitiBank, and such claims therefore are barred pursuant to the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Setoff)

CitiBank alleges, that the claims of Plaintiff are subject to setoff and/or recoupment.

## EIGHTH AFFIRMATIVE DEFENSE

### (Apportionment)

CitiBank is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if CitiBank is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries, and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-CitiBank parties, persons and entities, or the agents, servants and employees of such non-CitiBank parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Although CitiBank denies that Plaintiff suffered any damages, to the extent any damages have been suffered, Plaintiff failed to mitigate those damages and her claims therefore are barred, in whole or in part.

3

Case 2:25-cv-01587-ST    Document 1-2    Filed 03/21/25    Page 36 of 38 PageID #: 42

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff is precluded from any recovery from CitiBank, or any such recovery must be reduced, as a result of Plaintiff's failure to do equity in the matters alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative/Contributory Negligence)

Plaintiff failed to exercise reasonable and ordinary care, caution or prudence in order to avoid incurring the alleged damages sought by the Complaint; thus, the damages, if any, sustained by Plaintiff, were proximately caused and contributed to by Plaintiff's own negligence.

## TWELFTH AFFIRMATIVE DEFENSE

### (Intervening Conduct)

Plaintiff is barred from recovery in that any damage sustained by Plaintiff was the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, such as consumer reporting agencies, and not any act or omission on the part of CitiBank.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Standing)

The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because Plaintiff lacks standing to pursue the alleged claims against CitiBank.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

CitiBank expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

4

Case 2:25-cv-01587-ST    Document 1-2    Filed 03/21/25    Page 37 of 38 PageID #: 43

## PRAYER

WHEREFORE, Citibank requests the following relief:

1.  That Plaintiff takes nothing by way of this action;

2.  That the Complaint be dismissed with prejudice;

3.  That judgment be entered against Plaintiff and in favor of Citibank;

4.  That Citibank be awarded its attorneys' fees and costs incurred herein, as permitted by law; and

5.  Any other such relief the Court deems proper and just.

| Dated: March 20, 2025 | MORGAN, LEWIS & BOCKIUS LLP |
| --- | --- |
| | */s/Keisha Sapphire Holgate*<br>Brian C. Frontino<br>Keisha Sapphire Holgate<br>101 Park Ave<br>New York, NY 10178-0060<br>Tel: +1.212.309.6000<br>Fax: +1.212.309.6001<br>Keisha.Holgate@morganlewis.com<br>*Attorneys for Defendant Citibank* |

5

Case 2:25-cv-01587-ST Document 1-2 Filed 03/21/25 Page 38 of 38 PageID #: 44

## CERTIFICATE OF SERVICE

I, Keisha Sapphire Holgate, employed at the law office of Morgan, Lewis and Bockius, LLP, am a member of the bar of this court and hereby certify under penalty of perjury that on this 20th day of March, 2025, a copy of the ANSWER TO COMPLAINT BY DEFENDANT CITIBANK, N.A. was filed electronically via the Court's NYSCEF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

/s/ *Keisha Sapphire Holgate*
Keisha Sapphire Holgate

6